Visit to the United States Department of Health and Human Services  If you are not eligible for a COVID-19 vaccine, please contact the United States Department of Health and Human Services.  If you are not eligible for a COVID-19 vaccine,     All rise. The United States Court of Appeals for the Federal Circuit is now opened and in session. God save the United States and this honorable court. Please be seated. Good afternoon. We have just one case on the calendar this afternoon. It's number 06-5084, American Floor Consultants and Installations Incorporated versus the United States, an appeal from a decision of the Court of Federal Claims. Mr. Kupski? Yes, Your Honor. You've reserved five minutes for your rebuttal. I have, sir. OK, well, you can step on up and begin whenever you're ready. You know how our lighting system works? I do. OK. Thank you. Go ahead whenever you're ready. May it please the Court, I am David Kupski, representing the appellants in this case, American Floor Consulting and Installations, and Clayton W. King, the sole shareholder of American Floors. As the Court may be aware, this case arises essentially out of a commercial transaction between American Floor and the United States Air Force for the installation of floors at the Seymour Johnson Air Force Base in North Carolina. During the course of the performance of that contract by my client, American Floors, Mr. King, the principal and American, came forward and informed the Air Force that there was potentially a problem with one of its contracting officers regarding some, basically, a loan to that person which they thought may have been improper. As a result of that, there was a discussion between counsel for Mr. King and American Floor and counsel for the United States Air Force by the name of Davis Bryant. Now, as a result of those discussions, what we contend is an agreement enforceable in the court claims was unadmitted. And that agreement is contained in one of the exhibits to our complaint, which is filed below. And it contains the following language. Now, it's your position, as I understand it, Mr. Kupski, that this was not a KANYA or an AWAD type of agreement, but rather an agreement within the setting of the existing government contract, is that correct? Yes. We believe that it is strictly tied to the performance of what was going on at Seymour Johnson Air Force Base, that it is part and parcel of that proprietary function, those proprietary agreements between the Air Force and my client. We further believe, with respect to the KANYA and its progeny, that those cases deal with criminal process. The case that we have here, while it may involve a criminal proceeding as part of the contractual agreement, it doesn't necessarily do so. And as I was going to cite the captain with whom the contractor dealt who made this purported agreement, what was his role? Was he on the contracting staff down there? Was he a JAG officer from Washington or a JAG officer at Air Base? What was his role? My understanding is that he was. I guess he'd been involved in the contract, is what I should say. I don't believe he was involved in the contract. I believe he was involved after the entry of the contract when there were certain issues pertaining to the contract itself, not pertaining to the issues before this court. He was active in its architecture. I think it's very important to the disposition of this case that he was acting as counsel at that point in time for the Air Force when he was speaking with the person, the individual who was counsel for American Floor to get to the agreement whereby American Floor would provide to the Air Force information dealing with the problems with this contract. This letter of January 4th he signed, I noticed, it says, chief labor law, which I take it means he was in charge of labor matters, labor law matters, at this wing. I believe that's him. My question to you is, where does this captain get any authority to confer any immunity from either investigation or prosecution upon your client? Essential elements for there to be a valid contract is if the person confronted on behalf of the government had authority behind the government. He may have authority to do certain things. And to me, I think it's of some significance that when you actually got the letter debarring you, that was not signed by anyone locally, but was signed by the deputy general counsel of the Air Force. I find it difficult to see where he gets any authority to make the promise he put in the letter. Judge Friedman, in response to that, I've got two points to make. Number one, Officer Brown was an attorney who was engaged in a conversation with another attorney who represented my client at that point in time. I believe that is distinguishable from a situation where you have merely a contracting officer, an administrative technician. You've got an attorney talking to another attorney. Second of all, on the face of the letter that Davis Brown authored, he affirmatively states, I do have the authority to guarantee the follow-up. My question is, there isn't. Well, he says he has authority. I would say I have authority to try criminal cases in South Carolina, but I don't have it. The fact that I've said it isn't enough, it seems to me, to establish it. Well, it occurs to me that if an attorney acting on behalf of his client represents to the other side a matter of dispute. For example, could he have said to you, could he have said instead of this, suppose he had said, if you cooperate with us and give us all this information we need, I promise you that within the next two years, you'll get at least four more contracts from the Air Force, each of which will be for at least $100,000. Would he have the authority to do that? I don't believe he would have the authority to do that. Why not? It's not his role. His role is not out there to enter into the agreements for the performance of whatever work it was which was going to be contracted for. His role was as an attorney speaking with another attorney over a problem, with respect to a problem that was presented to my client, and reaching an arrangement to protect both parties with respect to that arrangement. My hypothetical, he's making these promises in order to get the information that he says he needs in order to get this contracting officer off the job. That's correct. He may be doing that. But if he is permitted to make representations like that to another attorney with respect to a situation such as what we have here, it would be tantamount to permitting him to commit fraud, to make representations which were calculatedly unsure at that point in time, to take advantage of the situation to get my client to have to produce information. And I think where an attorney acting as an attorney. As I understand your argument, you say that this letter of January 4 constituted a contract between the government and your client under which they would not either investigate or criminally prosecute your client or anyone connected with your client. Is that basically your argument? That is correct. And my interpretation of the important language in that paragraph in that letter is that it's an agreement whereby American Florida would not be subject to any investigation for using a disjuncted criminal proceeding. We're saying that this barred any sort of criminal or civil action by the Air Force against your client. Yes. And my client performed. The Air Force had the benefit of the bargain because the information was freely and openly dispersed by my client. And then the Air Force went ahead and simply breached the agreement by conducting a civil investigation of my client and civilly disbarring my client. We contend that that's what the whole problem is here. On what basis? Let me tell you a slightly different hypothetical. Suppose we have this letter. And the next thing that happened was he discovered that the Air Force headquarters in Washington was conducting an investigation looking toward his criminal prosecution. Could they stop it? Wouldn't he have to do that? And I hate to respond to your question with a question. But wouldn't Officer Brown have the responsibility to come forward and inform counsel for my client that the terrain had changed? Your position must be that he had the authority to confer immunity. That is my position. Yes, it is. And therefore, the Air Force, in my hypothetical, would have no right to conduct its own investigation looking toward criminal prosecution. I believe that were they to do so, it would be contrary to the agreement and breaching the agreement. I find it difficult to believe that this captain who is in charge of land law has that kind of broad authority to confer immunity. Again, I don't want to respond to a question with a question. But it almost creates to suggest that in response to a letter where Captain Brown states, I do have the authority, that my client has the responsibility to go a step forward, particularly in light of the fact that this is an attorney speaking with another attorney. And to find out that, is my client to call Captain Brown and say, do you really have the authority, notwithstanding the fact that you have written this in writing? Is my client to call his supervisor? Or is my client's former attorney to call his supervisor? Where does it all end? And I think it creates a problematic situation, perhaps an unrealistic and undue burden, particularly where you've got an attorney speaking with attorneys. And I think that's a critical issue in this case. Mr. Cuff, on what basis do you contend that Captain Brown had any authority to obligate the government to pay money? My response to that is basically this. The Kenyan, Sanders, Pappas, all those lines of cases, they were in which you have the two-pronged Kenyan test, where there has to be the responsibility to ascertain the correct authority. And number two, the agreement has to provide for a monetary remedy in the event of breach. I don't believe that it's our contention that that does not apply, because we don't have a plea agreement here. This is not a criminal prosecution. There was no assistant US attorney involved in this. There was no prosecutorial authority involved in this. Plain and simple, all this was subsumed within the commercial proprietary function and commercial proprietary agreements between my client and the United States government. So it's my argument that you never get to part two of the two-pronged Kenyan test, because that would be a requirement that the remedy for a breach, the monetary damages, would be in a criminal immunity agreement or a plea agreement. And that's not what we have in this case. It's a factual distinction. Even though the letter does refer to investigations? The letter refers to investigations. And it's our contention that that is a broad term embracing of the same investigations and a criminal investigation. It does use the word criminal proceeding, but the letter was drafted by the United States Air Force, and it's done in the disjunctive. Any investigation or criminal proceeding. So therefore, it's one or the other. It was not a criminal proceeding, which was the problem here. It was the civil investigation and civil disbarment. But even if you're right about Kenya, the difficulty that I have is, I think, the same difficulty that Judge Friedman has. And that is, where is the authority for Captain Brown to bind the government, to enter into this kind of an agreement? I hate to, my response, and I hate to send him to rehash, and it is too full. He's a lawyer acting on behalf of the government, speaking to another attorney. But that doesn't give him any authority to bind the government, just because he's a lawyer for the government. That may not be. I do not have a complete response to that. And then, again, the plain face of the agreement that he authored states that he had the authority to do so. And I think it creates an unreasonable burden for my client to have to have gone forward beyond that, and go to this person's superior officers, and find out whether there was, in fact, authority for the arrangement. The arrangement was made between counsel for both sides. We have any number of precedent to contend with, where it's clear that parties contracting with the government have the obligation to determine whether the party they're dealing with has the authority to enter into the contract. If they want to hold the government to, that's your client's burden. You can't overlook that precedent, Kevin. The court certainly cannot overlook the precedent, but I think this case is factually distinguishable from many of the cases which have been cited to this court so far, including the El Centro and the Trauma case cited by it. The appellee in the case, they were different matters. They didn't have the sort of express agreement that we have here. The El Centro case, there was no contract at all. There was certainly never any intent or consideration. I would finally close with, as I'm running out of time, that I believe the case of the United States versus Janowski contends that 133 Fed 3rd 888 has within it the concept of institutional ratification of the contract. The government got the benefit of it. My client did. My client performed. The government had the full benefit of all my client had to offer. And based upon that, I think the government should be held to its contract. I would like to reserve the remainder of my time for a brief rebuttal. That's fine, sir. You've used up almost a minute of your rebuttal, but you had questions from all three members of the panel. So we'll restore your full five minutes for rebuttal. Thank you. We'll hear from the government now. Mr. Manhart? Can I please, the court? This court should run the dismissal of the complaint because the court of federal claims correctly held that the complaint was not based upon the money mandating source. Mr. Manhart, I have a question I was thinking about. As I understand it, the court of federal claims dismissed the case for lack of jurisdiction, correct? Yes, sir. What I'm wondering is, was that proper, to dismiss it for lack of jurisdiction, or in light of our Fisher case, in that decision with Fisher, was this more appropriately, if it was correctly dismissed, a dismissal for failure to state the claim? The court, yes, yes, yes. A contract was pled. The contract was pled here. The court cited the Fisher decision, and particularly on that portion of that decision, and intentionally dismissed this for lack of subject matter jurisdiction, construing Fisher as requiring an evaluation to determine whether the basis pled under the Tucker Act was money mandating. So starting with that premise, the court then required to consider the court of claims precedent of the Conian, and that line of cases, which identifies that not all contracts are, in fact, money mandating. So even though Fisher is a case that announced the standards and the application of jurisdictional, lack of jurisdiction basis under 12.1 versus pledged to state a claim, and articulated the distinction between the two, it focused on the first step being evaluating what is the source of the money mandate alleged. Fisher involved the statute of constitutional preferences, but in his case, the court tried to apply that to that same standard, which appears to be generally stated in Fisher, to the contract analysis. And that required that it then take up the Conian precedent, which advises that not all agreements are, in fact, support money claiming that it is a money mandating source. And in fact, in the context of certain agreements being in some capacity. Let me ask you something. On the first page of her opinion, Ms. Willis said the question is whether the court has subject matter jurisdiction over a complaint alleging the violation of a contract not to prosecute. She treated this as a contract not to prosecute. And therefore, my question to you is, when this letter used the words not be subject to any investigation or criminal proceeding, do you interpret the word investigation as meaning an investigation leading to a criminal proceeding, rather than, as your opponent suggests, any investigation? The court, well, let me answer it this way. The court construed it, I believe, but it's fairly read at the court's opinion to have construed it as referring to criminal process and investigation leading to criminal proceedings. I would say, in the absence of a factual inquiry about that, it is fairly read as referring to all investigational and criminal proceeding encompassing civil or criminal investigation. And in that sense, it would still be our position if the court correctly decided the case, because Konya and Sanders, while they come out of aspects of criminal cases, the doctrine that has been announced and typified by those cases is not solely restricted purely to the criminal context, but rather, as O'Rourke demonstrates, is a line of analysis that is appropriately considered even in cases of civil matters, which O'Rourke and I believe is still important. I suppose all criminal proceedings generally result from an investigation, don't they? Yes. And therefore, yes, I agree. So what you're saying is all that they had reference to in this was either a criminal proceeding or a criminal investigation. That is, they would not be subject to a criminal investigation even though at the end of the investigation they decided not to recommend any criminal prosecution. Yes. I believe that is what the analysis of the court would have been. But if, for example, they decided they wanted to investigate this company to see whether they had paid their employees a full amount under the Fair Labor Standards Act, that would not be within the immunity that this letter purported to convey. I believe that is the proper amount. That is properly what the court claims. It's true what you say, but there is not. What you're really saying, it seems to me, is that you interpret this language as though it said it would not be subject to any criminal investigation or criminal proceeding. That's what you say it really meant. Yes, Your Honor. Although the whole thing of the court could be affirmed even if the court would look at this agreement on its face and see it as absolutely a civil process as well. Now, did you know of any authority that Captain Brown that Captain Brown had to confer immunity from criminal prosecution on this company? No. I don't know that the authority to confer immunity from criminal prosecution rests either with high officials of the department or the U.S. Attorney's Office can give immunity from criminal prosecution. Yes, Your Honor. I find it difficult to understand how someone who's the chief of labor law, and when I take it at the local installation, has any authority to say to a contractor, you have immunity from any criminal prosecution relating to this matter. Yes, we agree, Your Honor. We believe there's no demonstration of innocence for Captain Brown to have authority to define the United States to not prosecute cases or to obligate funds in any safer fashion. And the agreement itself, as it refers, expressedly states he did not have authority, and he advised the U.S. Attorney-at-Large to comment on the issue of potential termination or a contract matter of the existing contract. So we believe the agreement of Captain Brown's letter itself distinguished between the contract, which, as alleged in the complaint, was permitted to proceed and was completed, from what was being considered here, which is an express agreement of consideration of issues of immunity, which, again, there's no basis in the record to determine, too. I don't believe that there was any authority for such a basis. But on its face, it is an agreement for promise of immunity squarely within the precedent of the kind of expulsion. And therefore, the requirement for authority that there be authority to obligate funds to the United States and the agreement expressly define a contract-based dollar remedy in order to support the jurisdiction are jurisdictional facts that were not alleged or demonstrated in response to the government's motion to dismiss the case. So on that basis, it's a brief argument that the case is under consideration here. Thank you. Thank you, Mr. Mannheim. Mr. Kapski? As I said, even though Mr. Mannheim didn't use his full term, we'll give you your full rebuttal. Frankly, I don't believe I need rebuttal. Thank you. All right. Well, thank you very much. The case is under consideration here. Thank you. The Honorable Court is adjourned until tomorrow morning, 10 a.m. Thank you. Quiet. Quiet. Quiet. Quiet. Quiet.